IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-26,749-06, -07, -08, -09, -10, -11, -12 & -13 






EX PARTE BRUCE BERNARD ANDERS, Applicant









ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS

CAUSE NOS. W92-41557-I, W92-41558-I, W93-00582-I, W93-00676-I, 

W92-41556-I, W92-41555-I, W92-41554-I & W92-41162-I 

IN CRIMINAL DISTRICT COURT NO. 2

FROM DALLAS COUNTY




 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of attempted
aggravated sexual assault of a child, three counts of aggravated sexual assault of a child, sexual
assault of a child, sexual assault, sexual performance by a child, and indecency with a child. He was
sentenced to imprisonment for thirty-eight years, thirty-five years, five years, and five terms of
twenty years. The Fifth Court of Appeals affirmed his conviction in cause number F92-41162-I.
Anders v. State, No. 05-93-00346-CR (Tex. App.-Dallas, delivered February 21, 1997, pet. ref'd).
Applicant did not appeal his other convictions.

 Applicant contends that he is actually innocent, that trial counsel was ineffective, that a new
parole law constitutes an ex post facto violation, and that the decision by the Texas Board of Pardons
and Paroles to deny Applicant release on parole was improper. 

 Applicant's actual innocence and ineffective assistance of counsel claims are dismissed. Tex.
Code Crim. Proc. art. 11.07, § 4. His claims relating to parole are denied. Accordingly, Applicant's
claims are dismissed in part and denied in part.

 

Filed: December 6, 2006

Do not publish